ALFRED POLLARD *vs.* HARRISON PORTER & another.

The assignee of a mortgage for $2,600 paid the assignor $1,700, and gave him a bond conditioned, 1st, to collect the balance of $900 and interest and pay it to him, or, 2d, in case the mortgage should be foreclosed, to pay him $900 and interest, or, 3d, after foreclosure, to sell the land by auction and pay him the proceeds, deducting the $1,700 and the costs and expenses of sale; and afterwards assigned the mortgage to another person, who entered upon the land for the purpose of foreclosure, and, within three years, purchased the equity of redemption, and sold the land at auction for $1,500. *Held,* that the purchase of the equity was not a foreclosure, and that the failure to foreclose was a breach of the bond; but that the obligee was entitled to nominal damages only.

ACTION OF CONTRACT on a bond dated May 25th 1848, whereby the defendants bound themselves to the plaintiff in the sum of eighteen hundred dollars, with the following condition : " Whereas the said Pollard has by deed of even date herewith assigned and transferred to said Simmons & Porter a certain mortgage to him given by Moses F. Peasley, dated November 25th 1846, and recorded with Suffolk Deeds, lib. 570, fol. 109, and the note, to secure which said mortgage was given, the same being for the sum of $2,600, dated November 25th 1846, payable in two years, with interest ; and whereas said Simmons & Porter have paid the sum of seventeen hundred dollars only for the same, leaving a balance of nine hundred dollars on said mortgage, for which balance said Simmons & Porter have agreed to account to said Pollard, or his order, when collected.

Now, if the said Simmons & Porter shall well and truly proceed to collect the amount due on said mortgage, by taking possession of said premises mortgaged, according to law, in case of default in the payment of principal or interest, or by any other proper and legal process, and shall well and truly account for and pay over unto the said Pollard or his assigns the balance, if any, that shall be collected under said mortgage, over and above said sum of seventeen hundred dollars, with interest thereon from this date, which said sum and interest said Simmons & Porter are to retain to their own use; or, in case said mortgage shall be foreclosed in the hands of said Simmons & Porter, or their assigns, shall in that event pay to said Pollard or his assigns the sum of nine hundred dollars and interest thereon from this date; or in lieu thereof shall, after foreclosure, in case any shall take place, sell said mortgaged premises at public auction, upon usual notice, and shall pay to said Pollard or his order all said estate, when sold, shall produce, after deducting and retaining said sum of seventeen hundred dollars and interest, and the costs and expenses of said sale; then this obligation shall be void; otherwise, of force."

The breaches assigned in the declaration were, 1st. That the defendants did not well and truly proceed to collect the amount due on the mortgage, by taking possession of the mortgaged premises according to law, or by any other proper and legal process, although default was made in the payment of the interest due on the 25th of November 1848, and although neither principal nor interest has at any time been paid; 2d. That the mortgage was not foreclosed in the hands of the defendants or their assigns, but the defendants assigned the mortgage to Daniel S. Learnard and Luther F. Pollard, and they on the 16th of April 1851 purchased the equity of redemption, and the defendants have not paid the plaintiff the sum of $900 nor any other sum.

At the trial before *Bigelow*, J. the plaintiff gave in evidence the note and mortgage from Peasley to him; the assignment of them to the defendants on the 5th of May 1848; and the assignment of the mortgage by the defendants to Learnard & Pollard on the 26th of January 1850.

Pollard *v.* Porter & another.

The defendants proved that Peasley was insolvent when his note fell due. They also proved that Learnard & Pollard, on the 5th of June 1850, entered on the land mortgaged, for the purpose of foreclosing the mortgage; on the 16th of April 1851, purchased the equity of redemption; and on the 26th of November 1851, sold the land by public auction, after due notice, for the sum of $1,500.

The presiding judge, with the consent of the parties, reserved the case for the consideration of the full court.

*J. A. Andrew & T. F. Nutter,* for the plaintiff. The defendants are required by the bond to collect and pay to the plaintiff $900 and interest; or to foreclose the mortgage, and pay the plaintiff either $900 and interest, or the amount for which the land might sell at auction, above $1,700. The defendants are bound to do the specific acts required; and no others can be substituted. Hurlstone on Bonds, 44. *Pearson* v. *Williams,* 24 Wend. 244. *Pratt* v. *Thornton,* 28 Maine, 355. *Hodges* v. *King,* 7 Met. 587. *Lehan* v. *Good,* 8 Cush. 309. The sale of the mortgage disabled them from performing, and was a breach of the condition of the bond. *Heard* v. *Bowers,* 23 Pick. 460. *Ford* v. *Tiley,* 6 B. & C. 327. Vin. Ab. Condition, C. c. *Hopkins* v. *Young,* 11 Mass. 306. *Buttrick* v. *Holden,* 8 Cush. 233. 2 Greenl. Ev. § 236.

If the trust assumed by the defendants, to "proceed to collect the amount due," could be performed by their assigns, (which may well be doubted,) the purchase of the equity by Learnard & Pollard was not a proceeding to collect. It was not a foreclosure; for a foreclosure would secure to the plaintiff certain rights, which he has now lost, namely, proper care of the property for three years; rents and profits, which would reduce the amount to be paid, and make it more an object to redeem; and a claim over on the promisor. This purchase was a merger and extinguishment of the debt and mortgage, and put it forever out of the power of the defendants, or of any other person, to collect the debt. *James* v. *Morey,* 2 Cow. 286. *Coates* v. *Cheever,* 1 Cow. 479. *Collins* v. *Torry,* 7 Johns. 278. *Eaton* v. *George,* 2 N. H. 300. *Greenough* v. *Rolfe,* 4 N. H. 363.

The damages, in case of breach, are liquidated; for the penal sum is double the amount of the debt; parol evidence is not admissible to show the value of the note and mortgage, which the parties have fixed in writing; this is an agreement to do some particular thing, or pay a certain sum of money; and independently of the agreement, the damages must be wholly uncertain. *Astley* v. *Weldon*, 2 Bos. & Pul. 346, 351. *Heard* v. *Bowers*, 23 Pick. 455. *Fletcher* v. *Dyche*, 2 T. R. 32. *Drown* v. *Smith*, 3 N. H. 299. *Wakefield* v. *Stedman*, 12 Pick. 562. *Hodges* v. *King*, 7 Met. 587. Sedgwick on Damages, (2d ed.) 421. *Smith* v. *Smith*, 4 Wend. 468. *Pearson* v. *Williams*, 24 Wend. 244, and 26 Wend. 630. *Dakin* v. *Williams*, 17 Wend. 447, and 22 Wend. 210. *Tingley* v. *Cutter*, 7 Conn. 291. *Brewster* v. *Edgerly*, 13 N. H. 275. *Mead* v. *Wheeler*, 13 N. H. 351. *Hasbrouck* v. *Tappen*, 15 Johns. 200. *Gammon* v. *Howe*, 14 Maine, 254.

*C. A. Welch*, for the defendants. The defendants have taken proper steps to collect the amount due on the mortgage. Peasley's insolvency prevented their collecting from him. They had themselves a pecuniary interest in the matter, which they had a right, in exercising their judgment, to consult; and are not liable unless they acted unfairly. The purchase of the equity was, in substance, a foreclosure; and was even more beneficial to the parties, for the sale was made before a sale could have taken place, if the defendants had entered to foreclose, even immediately on breach of condition of the mortgage.

But if the mortgage was not foreclosed, within the meaning of the bond, the defendants are not liable for the sum of $900 and interest, nor for any sum; for it is only in the case of foreclosure that one of the alternatives is that they should pay $900 and interest. In every other instance, they are to pay the amount collected over $1,700 and interest; and only $1,500 has been collected, as appears by the sale.

DEWEY, J. This is an action on a penal bond. The condition of the bond is, substantially, that the obligors shall well and truly proceed to collect the amount due on a mortgage given by Moses F. Peasley, and either, 1st, collect and pay to the obligee

$900, and interest thereon; or, 2d, if by entry and foreclosure the estate shall be vested in them, pay to the obligee the sum of $900 and interest thereon; or, 3d, after foreclosure, if any shall take place, sell the mortgaged premises at public auction, and pay to the obligee all that the same shall produce, after deducting and retaining the sum of $1,700 and interest thereon, and costs of sale.

The first of these conditions, it is conceded, has not been performed; but the defendants are not in default thereby, through any omission on their part to collect the debt secured by the mortgage, by ordinary process of law, or otherwise. The second condition, of paying to the obligee the sum of $900, was wholly dependent upon the estate vesting in the obligors by foreclosure of the mortgage. If no such foreclosure and vesting of the property thereby in the obligors has taken place, this sum of money is not to be paid. The third condition also was dependent upon a foreclosure.

The real question is, therefore, whether the defendants have foreclosed the mortgage, and sold the estate at auction after such foreclosure, agreeably to the last stipulation in the condition of the bond. The defendants did not proceed to foreclose the mortgage in the usual form, by an entry and three years' continued possession, or by an action at law, and an entry and possession under a conditional judgment. Although the note fell due on the 28th of November 1848, no entry for the purpose of foreclosure took place until the 5th of June 1850. Soon after this entry to foreclose, the individuals who had previously purchased the mortgage of the defendants, and who made the entry, also purchased the equity of redemption, and in November 1851 sold the same at auction for $1,500. There was therefore no foreclosure of the mortgage in the ordinary mode. The further inquiry is, whether what was done was tantamount to a foreclosure.

In our opinion, the parties to the bond contemplated an actual foreclosure of the mortgage, as the basis of the performance of the last condition, and the defendants could only be discharged from a breach of the bond, under this head, by an actual fore-

closure under the statute. The purchase of the equity was not a foreclosure, in the sense of the term as used by these parties. It may be that the plaintiff would have been benefited by the literal performance of its condition, or it may be, on the other hand, that the course pursued by the defendants was equally beneficial to the plaintiff. There was at least a nominal breach of the bond.

But the damages for this particular breach of the bond are not, as the plaintiff insists, liquidated damages. The breach is that the defendants did not foreclose the mortgage, and, after such foreclosure, sell the property at auction. There is no ground for charging the defendants with the liability to pay $900 as liquidated damages. The only measure of damages is the loss the plaintiff has sustained by reason of the defendants' not foreclosing the mortgage in the ordinary way, and, after the expiration of the three years' possession, selling the premises at auction, instead of purchasing the equity more than two years before a foreclosure would have been effected under the statute, and selling the property eighteen months before it could have been sold, had the party delayed till a foreclosure was perfected. But whether the difference between these modes of proceeding, as to the amount that would be realized from a sale at auction, would be so great as to affect at all the interest of the plaintiff, would be a material inquiry. The actual sale produced $1,500 ; but the plaintiff could realize nothing from the property until after the payment of $1,700 and accruing interest from May 25th 1848, and costs and expenses of sale. Judging from the facts disclosed by the report of the case, we are of opinion that the damages to which the plaintiff would be entitled would be only nominal, and that it would be impracticable for the plaintiff to show any actual damage resulting to him from the mode adopted to dispose of the estate.